UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AMIT SHAH, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:13-CV-103 JD-CAN |
| | ) |
| TERRY RODINO, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This case stems from a business dispute between majority and minority shareholders of several closely held corporations. The facts of the case are more fully detailed in the Court's order granting Defendants' motion to dismiss. Now before the Court is another pending motion, requesting review of Magistrate Judge Nuechterlein's decision denying Plaintiffs' motion to disqualify the law firm May Oberfell Lorber from representing four of the Defendants in this case. [DE 59.]

The parties' briefing and the Magistrate Judge's decision regarding disqualification were based on the then-operative pleadings. The Court has now granted the Defendants' motion to dismiss and the Plaintiff has no currently pending claims. Without any pending claims, any decision by the Court on the issue of disqualification would be advisory, at best. Additionally, if Plaintiffs respond to the Court's order by filing derivative claims on behalf of the Duro Entities, such claims may impact the analysis of the alleged conflicts of interest, both by counsel and the Court. *See, e.g., Cutshall v. Barker*, 733 N.E.2d 973, 980 (Ind. Ct. App. 2000); *Wittenborn v. Pauly*, No. 87 C 5814, 1988 WL 33723, at *3–4 (N.D. Ill. Apr. 1, 1988); *Messing v. FDI, Inc.*, 439 F. Supp. 776, 781 (D.N.J. 1977); *Cannon v. United States Acoustics Corp.*, 398 F. Supp.

209, 220 (N.D. Ill. 1975), *aff'd in relevant part*, 532 F.2d 1118 (7th Cir. 1976).  Accordingly, the motion for review [DE 59] is **DENIED AS MOOT**.  If Plaintiffs file an amended complaint, the parties are free to renew their motion for disqualification based on the allegations contained in the amended pleading.

>SO ORDERED.

>ENTERED:  March 24, 2014

>>/s/ JON E. DEGUILIO
Judge
United States District Court