## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| AMIT SHAH and TIM DUGLE, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.:3:13-CV-103-JD-JEM |
| | ) | |
| MAY OBERFELL LORBER, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Disqualify Defendant May Oberfell

Lorber [DE 144], filed by Plaintiffs on July 30, 2015. On August 31, 2015, a response was filed by

Defendants Duro, Inc. d/b/a Lee's Wood Products, Duro Recycling, Inc. d/b/a Recycled/New, Duro

Realty, Inc., and Duro Transport, Inc. (collectively, the "Duro Entities") and Defendant Terry

Rodino in his individual. On September 10, 2015, Plaintiffs filed a reply.

## I.      Background

As previously noted in several orders, this case has a long history. At its core, this case is a

business dispute between the majority shareholder, Defendant Terry Rodino, and minority

shareholders, Plaintiffs Shah and Dugle, over the management and direction of several closely held

corporations, the Duro Entities. The parties have been involved in litigation in state court since 2004,

when Dugle sued Terry Rodino alleging breach of fiduciary duty, conversion, and deception. In

September 2010, Shah sued Terry Rodino seeking a forensic audit of the financial records of the

Duro Entities. In September 2011, Shah filed a third lawsuit in state court against Terry Rodino.

Those cases were subsequently consolidated into a single action that remains pending in state court.

Throughout the history of this case, the law firm of May Oberfell Lorber has represented Terry

Rodino in his individual capacity and the Duro Entities, and the Duro Entities have compensated

May Oberfell Lorber for its representation of Terry Rodino in his individual capacity and the Duro Entities.

On February 24, 2013, Plaintiffs filed the instant lawsuit. On June 29, 2016, Plaintiffs filed their Second Amended Complaint. The amended complaint added May Oberfell Lorber as a defendant for allegedly conspiring with and assisting Defendants Terry Rodino and Scott Mills in violating the federal Computer Fraud and Abuse Act (CFAA) and Indiana's computer tampering statute. In addition, the amended complaint named May Oberfell Lorber partners E. Spencer Walton, Jr., and Georgianne M. Walker as defendants. On October 13, 2015, May Oberfell Lorber, Walton, and Walker filed a motion to dismiss Plaintiffs' claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6), which is still pending.

## II.    Analysis

The Seventh Circuit has cautioned that disqualification is a prophylactic device employed to protect the attorney-client relationship and is a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Cromley v. Bd. of Ed. of Lockport Twp. High Sch. Dist. 205*, 17 F.3d 1059, 1066 (7th Cir. 1994) (quoting *Freeman v. Chi. Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1982)). Motions to disqualify "should be viewed with extreme caution for they can be misused as techniques of harassment." *Freeman*, 689 F.2d at 722. A district court possesses "broad discretion" in determining whether disqualification is required in a particular case. *Cardenas v. Benter Farms*, No. IP 98-1067-C T/G, 2001 WL 292576, at *1 (S.D. Ind. Feb. 7, 2001) (quoting *Whiting Corp. v. White Mach. Corp.*, 567 F.2d 713, 715 (7th Cir. 1977) (citation omitted)). The party seeking disqualification bears the burden of showing facts requiring disqualification. *Id.*

In the instant Motion, Plaintiffs seek to have May Oberfell Lorber, Walton, and Walker

disqualified as counsel for Defendants Stacey Rodino, Allison Rodino, Duro, Inc., Duro Recyling, Inc., Duro Realty, Inc., Duro Transport, Apex Pallet, Inc., Lucky Lou, Inc., 2610, LLC, American Travel Palace, LLC, ATP Exports, Inc., and Terry Rodino in his individual capacity. Plaintiffs argue that May Oberfell Lorber's past and present representation of Terry Rodino in his individual capacity and of the Duro Entities is a conflict of interest and that the concurrent representation has caused significant harm to the Duro Entities. Plaintiffs further argue that May Oberfell Lorber, Walton, and Walker should be disqualified because they conspired with Terry Rodino to violate CFAA and the Indiana's computer tampering statute and because they have been added as defendants in the Second Amended Complaint. Responding Defendants argue that Magistrate Judge Nuechterlein has already determined that May Oberfell Lorber's concurrent representation of Terry Rodino and the Duro Entities is not harmful to the Duro Entities and that the instant Motion to disqualify is premature until the Court first decides whether Plaintiffs' Second Amended Complaint states a claim upon which relief can be granted against May Oberfell Lorber, Walton, and Walker.

Plaintiffs argue generally that the act of naming May Oberfell Lorber, Walton, and Walker as defendants in the Second Amended Complaint demands their disqualification. However, because motions to disqualify "should be viewed with extreme caution for they can be misused as techniques of harassment" and have the potential "to destroy [the attorney-client relationship] by depriving a party of representation of their own choosing," *Freeman*, 689 F.2d at 722, the act of naming opposing counsel as a party-defendant does not function as a rule that absolutely requires disqualification. *See also Pu v. Greenthal Mgmt. Corp.*, No. 08 10084 (RJH)(RLE), 2009 WL 648898, at * 9 (S.D. N.Y. March 10, 2009) (denying a motion to disqualify counsel named as a party-defendant in a shareholder's derivative action because "while it is less common to have a case

where the counsel subject to a motion to disqualify is also a named defendant and counsel for other named defendants, the mere presence of this circumstance without more should not sway in favor of disqualification."). Moreover, if the Court accepted Plaintiffs' argument, any party would be able to successfully disqualify opposing counsel simply by naming them as a party-opponent. *Id.*

Plaintiffs also argue that May Oberfell Lorber's representation of Terry Rodino in his individual capacity and the Duro Entities is harmful the Duro Entities; however, as responding Defendants correctly note, Magistrate Judge Nuechterlein has already decided this issue. On March 26, 2013, Plaintiffs filed a motion to disqualify May Oberfell Lorber, arguing as they do here that the law firm should not be permitted to concurrently represent both Terry Rodino as the majority shareholder of the Duro Enitities and the actual Duro Entities when their claims include an allegation that Terry Rodino breached his fiduciary duty to the Duro Entities. Magistrate Judge Neuchterlein denied that motion to disqualify May Oberfell Lorber and found that the interests of Terry Rodino in his individual capacity as majority shareholder of the Duro Entities were aligned with the interests of Duro Entities and that the Duro Entities have not suffered "any apparent detriment as a result of [May Oberfell Lorber's] dual representation [of Terry Rodino and the Duro Entities]. In fact, the Duro Entities have enjoyed record profits in recent years, a fact that Plaintiffs do not deny." [DE 54].        Finally, the Court agrees that the instant Motion is premature. In support of disqualification, Plaintiffs' proffer numerous documents that they assert demonstrate May Oberfell Lorber's facilitation of Terry Rodino's alleged violations of CFAA and the Indiana computer tampering statute; however, discovery in this case has not began. Without even an exchange of initial disclosures, responding Defendants have not been given an opportunity to gather information or evidence to rebut Plaintiffs' interpretation of those documents. In addition, it is

uncertain whether May Oberfell Lorber, Walton, and Walker will remain as defendants. If May Oberfell Lorber, Walton, and Walker's combined motion to dismiss is granted, the portion of Plaintiffs' argument in support of disqualification based on their status as defendants is rendered moot. Indeed, in Counts 67 through 69 of the Second Amended Complaint, Plaintiffs raise assorted claims of legal malpractice against May Oberfell Lober, Walton, and Walker. Those claims incorporate many of the same facts they offer in support of the instant Motion to disqualify. To avoid the potential inconsistency of first deciding that those facts warrant disqualification of May Oberfell Lorber, Walton, and Walker and then subsequently deciding that those facts fail to state a claim for legal malpractice against them, the Court finds it appropriate that May Oberfell Lorber, Walton, and Walker's motion to dismiss is decided before it engages in a substantive review of Plaintiffs' request for their disqualification. *See Whiting Corp.,* 567 F.2d at 715 (holding that district courts have substantial discretion in determining whether disqualification is necessary). Magistrate Judge Nuechterlein's finding that the Duro Entities have not suffered harm as a result of May Oberfell Lorber's dual representation alleviates any concern regarding the potential prejudice the Duro Entities may suffer until that motion to dismiss is resolved and discovery has began.

## III.    Conclusion

For the foregoing reasons, the Court hereby **DENIES with leave to refile** Plaintiffs' Motion to Disqualify Defendant May Oberfell Lorber [DE 144].

SO ORDERED this 22nd day of March, 2016.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:      All counsel of record