UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AMIT SHAH, *et al.*, )<br>    Plaintiffs, )<br>  )<br>v. )<br>  )<br>WARRICK & BOYN, LLP, *et al.*, )<br>    Defendants. ) | CAUSE NO.: 3:13-CV-103-JD-JEM |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Defendants E. Spencer Walton Jr., Georgianne M. Walker and May Oberfell Lorber's Partial Motion to Dismiss [DE 415], and Defendants' William Haut, Timothy Shelly and Warrick & Boyn, LLP's Partial Motion to Dismiss [DE 419], both filed July 29, 2018. Plaintiffs filed responses to both motions [DE 428, 429] on August 31, 2018, and Defendants filed replies [DE 432, 433] on September 14, 2018.

On October 25, 2018, District Court Judge Jon DeGuilio entered an Order [DE 434] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant Motions pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

**I.    Background**

Plaintiffs in this matter include several corporations, collectively referred to as the "Duro Entities," and Amit Shah and Tim Dugle, who were shareholders in the Duro Entities. Plaintiffs' Third Amended Complaint consists of claims against two law firms and four individuals within those firms that served as counsel for the Duro Entities. Count 1 alleges a legal malpractice claim on behalf of all Plaintiffs against all six defendants. Count 2, which is titled "Conflicts of Interest,"

alleges a second cause of action on behalf of all Plaintiffs against all six Defendants, based on "numerous conflicts of interest" arising from their representation of the Duro Entities and Terry Rodino, another shareholder. Count 3 alleges a claim on behalf of the Duro Entities against one Defendant, the law firm May Oberfell Lorber ("MOL"), for conspiracy to violate the Computer Fraud and Abuse Act ("CFAA").

Defendants filed partial motions to dismiss pursuant to Rule 12(b)(6), addressing each of the three Counts. All Defendants seek to dismiss Count 1 as to the individual Plaintiffs Shah and Dugle, because the complaint does not allege that any of the Defendants represented Shah or Dugle. All Defendants seek to dismiss Count 2 in its entirety, arguing there is no recognized cause of action for "conflict of interest." Finally, MOL seeks to dismiss Count 3, arguing that the allegations are insufficiently specific to sustain a claim for conspiracy to violate the CFAA.

**II.    Analysis**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on the motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6), the complaint must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 570).

A.   Count 1

Defendants argue that Count 1, claiming legal malpractice, should be dismissed as to the individual Plaintiffs, Shah and Dugle, because they were not Defendants' clients. To sustain a claim for legal malpractice, the plaintiff must prove the "employment" of the attorney, which creates a duty to the client. *Solnosky v. Goodwell*, 892 N.E.2d 174, 181 (Ind. Ct. App. 2008) (citing *Clary v. Lite Mach. Corp.*, 850 N.E.2d 423, 430 (Ind. Ct. App. 2006)). The attorney-client relationship exists "only after both attorney and client have consented to its formation." *Bilbija v. Lane*, No. 116CV02124TWPMJD, 2018 WL 2183967, at *5 (S.D. Ind. May 10, 2018) (quoting *Hacker v. Holland*, 570 N.E.2d 951, 955 (Ind. Ct. App. 1991)). Plaintiffs do not claim that Shah or Dugle were Defendants' clients, and Plaintiffs' briefing offers no further argument on this point. Accordingly, the Court recommends that Count 1 be dismissed as to Shah and Dugle.

B.   Count 2

Defendants seek to dismiss Count 2 in its entirety, arguing that there is no recognized cause of action for "conflict of interest." In their responses, Plaintiffs do not contest that "conflict of interest" is not a cause of action. Instead, Plaintiffs argue that "although the heading is entitled 'Conflicts of Interest' under Count 2, Plaintiffs are actually asserting a malpractice claim," which is "*evidenced* by [Defendants'] failure to comply with the Indiana Rules of Professional Conduct's conflict of interest guidelines." (emphasis in original)

Despite Plaintiffs' explanation, the allegations in Count 2 read as a separate cause of action. The prayer for relief states in relevant part that "[a]s a result of the conflicts of interest, the

3

Defendant Law Firms must disgorge [fees and costs] . . . The Duro Entities also are entitled to recover any and all compensatory damages proximately caused by the Defendant Law Firms' conflicts of interest." Plaintiffs point to the single paragraph that mentions "malpractice": "In addition to a claim for malpractice, the allegations in [Count 1] also support a cause of action for malpractice created by numerous conflicts of interest." But that statement refers to the allegations in Count 1, not those in Count 2. Accordingly, Count 2 should be dismissed, but the allegations therein may be used to support the malpractice claim in Count 1. *Bilbija*, 2018 WL 2183967, at *4-5 (dismissing a claim for "conflict of interest" despite plaintiffs' argument that the alleged conflict "supports a finding" of legal malpractice, and holding that "the facts and arguments . . . may be used to bolster [plaintiffs' remaining] claim for legal malpractice").

  C. Count 3

Defendant MOL seeks to dismiss Count 3, which alleges a conspiracy to violate the Computer Fraud and Abuse Act on behalf of the Duro Entities. Generally, a defendant violates the CFAA when it conspires to "knowingly and with intent to defraud, access[] a protected computer without authorization, or exceed[] authorized access . . . further[ing] the intended fraud" or "knowingly cause[] the transmission of a program, information, code, or command . . . intentionally caus[ing] damage without authorization, to a protected computer." 18 U.S.C. § 1030(a)(4),(a)(5),(b).

MOL presents three arguments for dismissal. First, MOL objects to Plaintiffs "realleg[ing] and incorporat[ing] by reference" all prior allegations in the Complaint, and argues that they should have stated the facts relevant to the allegation within Count 3 itself. MOL cites to Federal Rule of Civil Procedure 10(b), which requires that separate claims be stated in separate counts if "doing so would promote clarity." Fed. R. Civ. 10(b). The Complaint plainly describes a separate claim for

4

relief in Count 3, and is not so unclear that it warrants dismissal. *See Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (reversing dismissal of complaint that "could be improved, but it is intelligible and gives the defendants notice"); *cf. Stanard v. Nygren*, 658 F.3d 792, 798-99 (7th Cir. 2011) (affirming dismissal of "unintelligible" complaint that "fail[ed] to put defendants on notice").

Next, MOL argues that Plaintiffs failed to plead sufficient detail about the alleged conspiracy. To sustain a CFAA conspiracy claim, Plaintiffs must plead "specific allegations of an agreement and common activities." *In re: Lenovo Adware Litig.,* No. 15-MD-02624-RMW, 2016 WL 6277245, at *6 (N.D. Cal. Oct. 27, 2016); *NetApp, Inc. v. Nimble Storage, Inc.*, 41 F. Supp. 3d 816, 835 (N.D. Cal. 2014). This requirement includes "sufficient factual particularity that defendants reached some tacit or explicit understanding or agreement." *NetApp, Inc.*, 41 F. Supp. 3d at 835 (citing *Alfus v. Pyramid Tech. Corp.*, 745 F. Supp. 1511, 1521 (N.D. Cal. 1990); *see also Coll Builders Supply, Inc. v. Velez*, No. 617CV933ORL40DCI, 2017 WL 4158661, at *10 (M.D. Fla. Aug. 31, 2017), report and recommendation adopted, No. 617CV933ORL40DCI, 2017 WL 4125641 (M.D. Fla. Sept. 18, 2017) (holding that plaintiff must plead "facts supporting" the existence of a conspiracy).

In brief, Plaintiffs allege that MOL conspired with Terry Rodino, former shareholder in the Duro Entities, to engage in spoliation of evidence on the Duro Entitites' computers. First, Plaintiffs allege that MOL served as counsel to Rodino and his family members and business interests, in addition to the Duro Entities, but concealed the concurrent representation by stating that MOL only represented the Duro Entities. In response to a court order requiring the production of certain financial documents, Plaintiffs allege that MOL and Rodino prevented the production and review of documents on the Duro Entities' computers. Plaintiffs allege that several minority shareholders

sent a letter to the Duro Entities accusing MOL, and Rodino directly, of spoliation, and that MOL responded to that letter, purporting to justify the deletion of documents. Plaintiffs also allege that MOL failed to investigate the claim that MOL and Rodino engaged in spoliation, despite its representations that it had investigated, and that MOL actively concealed the alleged spoliation.

These allegations, taken as true for the purpose of this motion, are sufficient to sustain a CFAA conspiracy claim. Although MOL characterizes the Complaint as merely repeating legal conclusions, Plaintiffs have provided "facts supporting" the alleged conspiracy. *Coll Builders*, 2017 WL 4158661 at *10. In particular, Plaintiffs allege that MOL cooperated with Rodino to prevent the court-ordered production of documents, and when several minority shareholders directly accused Rodino of spoliation, MOL answered on Rodino's behalf, defending the deletion of documents. Plaintiffs then allege that MOL repeatedly lied on Rodino's behalf to cover up the alleged spoliation. Those allegations strongly support an inference of "some . . . understanding or agreement" between MOL and Rodino about what would happen to the documents, prior to the allegedly improper deletion. *NetApp, Inc.*, 41 F. Supp. 3d at 835.

Finally, MOL argues that Plaintiffs cannot state a claim for conspiracy, because they allege in Count 1 that "[s]ince learning that Mr. Rodino destroyed financial data from the Duro Entities' computers, the Defendant Law Firms failed to take reasonable and necessary steps to mitigate the harm caused by the loss of evidence." MOL argues that this statement precludes a claim of conspiracy because it implies that MOL learned of any CFAA violation after the data was destroyed. But the allegation that at some point MOL "learned" that Rodino destroyed financial data would not preclude a conclusion that MOL had a prior understanding or agreement with Rodino to engage in fraud, which is the essence of a CFAA conspiracy claim. Plaintiffs do not have to show that MOL

6

knew *when* any data would be deleted. Even assuming Plaintiffs' allegations were contradictory, the Federal Rules permit alternative pleading. "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2). Accordingly, this argument does not provide a basis for dismissal.

### III.    Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **GRANT in part and DENY in part** Defendants E. Spencer Walton Jr., Georgianne M. Walker and May Oberfell Lorber's Partial Motion to Dismiss [DE 415], and Defendants' William Haut, Timothy Shelly and Warrick & Boyn, LLP's Partial Motion to Dismiss [DE 419], as follows: that Count 1 be **DISMISSED** as to Plaintiffs Shah and Dugle, and remaining pending as to the other Plaintiffs; that Count 2 be **DISMISSED** as to all Plaintiffs; and that Count 3 remain pending.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

SO ORDERED this 30th day of November, 2018.

    s/ John E. Martin  
    MAGISTRATE JUDGE JOHN E. MARTIN  
    UNITED STATES DISTRICT COURT

cc:    All counsel of record